UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.:

YANICK SYLENCIEUX,

    Plaintiff,

vs.

HHC ATLANTIC LLC d/b/a
SEAGATE HOTEL & SPA,
A Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.    Plaintiff, YANICK SYLENCIEUX, by and through his undersigned attorney, alleges the following against Defendant, HHC ATLANTIC LLC d/b/a SEAGATE HOTEL & SPA, a Florida Limited Liability Company, and states, to wit:

### INTRODUCTION

2.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, et seq.), and 42 U.S.C. §§ 1981 and 1985(3), alleging race and sex discrimination in employment and retaliation. The jurisdiction of this Court is invoked to secure protection of and redress the deprivation of rights guaranteed by federal law involving discrimination in employment.

### JURISDICTION AND VENUE

3.    This is an action which arises under Title VII of the Civil Rights Act of 1967, as amended, (42 U.S.C. § 2000e, et seq.).

4. Jurisdiction is founded on 42 U.S.C. § 2000e-5(f)(3) and U.S.C. 1331 (Federal Question).

5. Venue is proper in the Southern District of Florida pursuant to 42 U.S.C. 2000e-5(f)(3) Title VII "Venue"; and 28 U.S.C. § 1391(b) and ( c) (Venue generally).

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

6. Plaintiff, YANICK SYLENCIEUX, timely filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against Defendant, HHC ATLANTIC LLC d/b/a SEAGATE HOTEL & SPA. Plaintiff, YANICK SYLENCIEUX, received a notice of the right to sue from the EEOC within ninety (90) days of the filing of this Complaint. A copy of the right to sue notice letter from the EEOC is attached as Exhibit "1".

## PARTIES

7. At all times material to this action, Plaintiff, YANICK SYLENCIEUX, is/was a resident(s) of Palm Beach County, Florida, is over the age of 18, and is otherwise sui juris.

8. At all relevant times, Defendant, HHC ATLANTIC LLC d/b/a SEAGATE HOTEL & SPA, is a Florida Limited Liability Company, located in Palm Beach County, Florida.

9. Plaintiff has satisfied all conditions precedent prior to bringing an action under Title VII of the Civil Rights Act of 1964, as amended

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant, HHC ATLANTIC LLC d/b/a SEAGATE HOTEL & SPA, [Hereinafter, " SEAGATE HOTEL"], was/is engaged in an industry affecting commerce.

11. At all relevant times, Defendant, SEAGATE HOTEL, employed Plaintiff, YANICK SYLENCIEUX, within the meaning of 42 U.S.C. § 2000e-(b).

12. Defendant, SEAGATE HOTEL, engaged in policies and practices which are/were willfully, intentionally and unlawfully discriminating against Plaintiff on the basis of her race (Black) and her national origin (Haitian-American).

13. Plaintiff, SYLENCIEUX, sues Defendant, SEAGATE HOTEL, and re-alleges paragraphs 1 through 11, as if fully set forth herein and are incorporated by this reference.

14. Plaintiff, SYLENCIEUX, is a Black female of Haitian-American descent and ancestry, protected under Title VII (42 U.S.C. § 2000e(b)).

15. Defendant, SEAGATE HOTEL, is an employer within the meaning of Title VII. Moreover, at all time material hereto, Plaintiff, SYLENCIEUX, is/was employed by Defendant, SEAGATE HOTEL, as a full time maid/cleaning person. Plaintiff normally worked in the Laundry Room mainly. Plaintiff worked under the supervision of CLAUDY LNU [Last Name Unknown]. Plaintiff's normal work hours is from 4:00 pm to 12:00 a.m.

16. Plaintiff's work duties as a maid/cleaning person involved doing laundry and cleaning and involved working closely with CLAUDY, as her supervisor, even though he did not work the same shift with the Plaintiff. SYLENCIEUX, at all times material, was qualified for her position as a maid/ cleaning person, and was performing her job satisfactorily.

17. On or about August 17, 2018, Plaintiff was working her regular shift from 4:00 p.m. to 12:00 a.m. Plaintiff was working in the Laundry Room with another co-worker that night. At the end of the Plaintiff's shift, Plaintiff left her cell telephone on the top of the laundry machine, believing that her co-worker took the cell phone for Plaintiff. Soon after Plaintiff's leaving the Laundry Room, she realized that her cell phone was still inside the Laundry Room and that her co-worker did not take Plaintiff's cell phone for her. The Laundry Room was self-locking. Plaintiff and her co-worker did not have any way to get back in room to retrieve the cell phone.

Plaintiff knew that only person that has a key to the Laundry Room is CLAUDY and CLAUDY would be first person to arrive at work the next day.

18. The next morning, Plaintiff called the office and management to see if they found Plaintiff's cell phone for her because Plaintiff had left it in the Laundry Room the night before. Management told Plaintiff that they did not find it nor have it and for Plaintiff to ask CLAUDY because he was the first person that arrived at the Laundry Room the morning after. Plaintiff asked CLAUDY and he answered Plaintiff that he did not find her cell phone. CLAUDY also shrugged his shoulders as if he did not know or did not care.

19. Plaintiff could not believe that no one found her cell phone because the Laundry Room has CCTV cameras in it. On October 25, 2018, a person from the management office called Plaintiff to inform Plaintiff that they found her cell phone and returned it to Plaintiff. All along, CLAUDY was in possession of Plaintiff's cell phone and management had had it since October 17, 2018.

20. In August 2018, Plaintiff was late to work and called CLAUDY, Plaintiff's supervisor, to inform him that she would be late. Instead of deleting Plaintiff's cell phone number or limiting its use to only work-related matters, CLAUDY kept Plaintiff's cell phone number which he used for personal (non work-related) reasons.

21. From August 2018, to October 2018, CLAUDY video called (Face Time) Plaintiff at least 40 times. All of these calls were not work-related. In addition, during this period, CLAUDY went to Plaintiff's house to check on Plaintiff. Luckily, Plaintiff was not home at that time.

22. CLAUDY told Plaintiff several times that he (CLAUDY) wanted to make love to Plaintiff and made other comments to Plaintiff as to why Plaintiff was rejecting CLAUDY's advances.

23. CLAUDY threatened Plaintiff that if she were to tell anyone anything about his conduct, he (CLAUDY) knew where she lived and that her employment with Defendant would be terminated.

24. CLAUDY repeatedly engaged in unwelcome sexual advances and sexually-charged conduct. He (CLAUDY) repeatedly made sexually explicit comments and used sexualized and offensive language that he directed at Plaintiff. CLAUDY went so far as to forcibly smack and grab Plaintiff's buttocks and forced Plaintiff to kiss him.

25. CLAUDY did not work the same shift with Plaintiff. However, on several occasions, CLAUDY would show up at the SEAGATE HOTEL unannounced and outside of his schedule in order to sexually harass Plaintiff.

26. Plaintiff finally had enough of the sexual harassment by CLAUDY and reported him to Defendant's management. Thereafter, management called Plaintiff into a meeting with five other individuals who were present during that meeting. Plaintiff presumed that these individuals were from Human Resources and a co-worker to act as a translator. Plaintiff's boyfriend was present at that meeting. Plaintiff reported in detail to Defendant's management that she was the victim of sexual harassment and that CLAUDY was the bad actor who was causing said sexual harassment. Plaintiff provided Defendant's management with copies of the text messages that CLAUDY had sent Plaintiff. Plaintiff also shared with Defendant's management audio recordings that were voice mail messages that CLAUDY had left on her cell phone.

27. Plaintiff is better at listening and understanding English than she is at speaking it. Because of her ability to understand the spoken word, Plaintiff notice that something significant was happening at the meeting. She was able to determine that the co-worker who was acting as a translator did not accurately translate or did not want to translate what Plaintiff was explaining

that CLAUDY did to her. The translator, on several occasions, told Plaintiff to drop the issue because CLAUDY was a fellow Haitian. Plaintiff's boyfriend, who was present at the meeting, had to intervene because the translation was not accurate. In the meeting, the translator said what the translator wanted, not what Plaintiff actually said. The meeting was then continued.

28. Management called another meeting with the Plaintiff, where again there were five individuals present. Management had the same co-worker acting as the translator. This time, Defendant's management did not want Plaintiff's boyfriend in the room. Plaintiff told management that Plaintiff was not comfortable with the co-worker acting as the translator. Plaintiff requested that management get Plaintiff an independent translator to translate for the Plaintiff. Plaintiff stated that Plaintiff would not talk about the incident since management was using the same co-worker as the translator. Therefore, management decided to fire Plaintiff on the spot because Plaintiff did not feel comfortable to have a translator that Plaintiff believed would not translate accurately what the Plaintiff was saying. Thus, management was not interested in getting to the bottom of situation.

29. The alleged reasons for Plaintiff's termination of Plaintiff were for false and therefore constitute pretext for terminating Plaintiff from her employment.

30. As direct result of these actions, Plaintiff has been caused to suffer loss of income, increased levels of stress, emotional and mental suffering.

31. Defendant's actions were done maliciously and/or done with reckless indifference to the Plaintiff's federally protected rights.

**COUNT I**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**RACE , COLOR AND NATIONAL ORIGIN DISCRIMINATION**

32. Plaintiff sues Defendant and re-alleges Paragraph 1 through 31, as if fully incorporated

therein by this reference.

33. This action is based upon Race, Color and National Origin under Title VII.

34. SEAGATE HOTEL has fifteen (15) or more employees for each working day in each of the twenty or more weeks in calendar years 2016, 2017, 2018, and 2019, respectively.

35. Plaintiff is Black, of Haitian national origin and descent, and is a member of a protected group.

36. SEAGATE HOTEL has discriminated against Plaintiff on the basis of her race and sex in matters of discipline, subjective decision-making policies, termination and other terms and conditions of employment which have resulted in disparate impact and treatment of Plaintiff.

37. SEAGATE HOTEL's actions discriminated against Plaintiff on the basis of her race and sex in violation of the Title VII and the Civil Rights Act of 1991, by instituting and conducting a systematic pattern and practice of sex and race discrimination in an effort to create a hostile working environment and resulting in Plaintiff's termination.

38. Plaintiff performed her job satisfactorily.

39. SEAGATE HOTEL treated similar-situated employees outside of the Plaintiff's protected class more favorably.

40. SEAGATE HOTEL's conduct violated Title VII in that the Plaintiff was discriminated against on the basis of his Race, Color and/or National Origin.

41. As a the direct and proximate result of the wrongful action of SEAGATE HOTEL's policies and practices regarding employment, Plaintiff was caused to suffer lost wages, loss of future earning capacity, loss of benefits in general, loss of raises, mental anguish, loss of dignity, embarrassments, humiliation, and other intangible injuries and other directly and indirectly to suffer such losses in the future.

42. Because of such conduct, Plaintiff suffered severe emotional distress, embarrassment and humiliation.

43. Defendant's actions were done maliciously and/or done with reckless indifference to the Plaintiff's federally protected rights.

 **WHEREFORE**, Plaintiff, YANICK SYLENCIEUX, prays that this Court:

 a.   Advance this case on the docket;

 b.   Issue a declaratory judgment that Defendant's practices toward Plaintiff violated her rights under Title VII;

 c.   Enjoin Defendant, its employees and supervisory staff from continuing or maintaining the policy, practice, or custom of denying, abridging, withholding, or conditioning the rights of employees on the basis of their race, color or national origin, which rights are secured by Title VII.

 d.   Order Defendant to remedy the racial discrimination against Plaintiff by:

  (1).   Paying appropriate back pay;

  (2).   Paying prejudgment interest;

  (3).   Paying front pay in lieu of reinstatement; and

  (4).   Providing any other relief that this Court deems appropriate.

 e.   Enter a Judgment against the Defendant for compensatory damages;

 f.   Enter a Judgment against the Defendant for punitive damages; and

 g.   Enter a Judgment against the Defendant for costs, and a reasonable award of attorneys' fees pursuant to Title VII.

## COUNT II-SECTION 1981
## RACE DISCRIMINATION

44. Plaintiff re-alleges and incorporates by reference paragraph 1 through 31, as if fully set forth herein.

45. This is a claim to redress unlawful discrimination on the basis of race in violation of 42 U.S.C. § 1981.

46. SEAGATE HOTEL has discriminated against the Plaintiff on the basis of her race in matters of discipline, subjective decision-making policies, termination and other terms and condition of employment which have resulted in disparate impact and treatment of Plaintiff.

47. SEAGATE HOTEL's actions discriminated against Plaintiff on the basis of her race in violation of the Civil Right Act of 1981, by instituting and conducting a systematic pattern and practice of race discrimination in an effort to create a hostile working environment and resulting in Plaintiff's termination.

48. As the direct and proximate result of the wrongful action of SEAGATE HOTEL, the Plaintiff was caused to suffer lost wages, loss of future earning capacity, loss of benefits in general, loss of raises, mental anguish, loss of dignity, embarrassment, humiliation, and other intangible injuries and other directly and indirectly related expenses. These loses are continuing and the Plaintiff will continue to suffer such losses in the future.

49. Because of such conduct, the Plaintiff suffered severe emotional distress embarrassment and humiliation.

50. Defendant's action were done maliciously and/or done with reckless indifference to the Plaintiff's federally protected rights.

**WHEREFORE**, Plaintiff, YANICK SYLENCIEUX, prays that this Court:

    a. Advance this case on the docket;

    b. Issue a declaratory judgment that Defendant's practices toward Plaintiff violated her rights under Title VII;

44. Plaintiff re-alleges and incorporates by reference paragraph 1 through 31, as if fully set forth herein.

45. This is a claim to redress unlawful discrimination on the basis of race in violation of 42 U.S.C. § 1981.

46. SEAGATE HOTEL has discriminated against the Plaintiff on the basis of her race in matters of discipline, subjective decision-making policies, termination and other terms and condition of employment which have resulted in disparate impact and treatment of Plaintiff.

47. SEAGATE HOTEL's actions discriminated against Plaintiff on the basis of her race in violation of the Civil Right Act of 1981, by instituting and conducting a systematic pattern and practice of race discrimination in an effort to create a hostile working environment and resulting in Plaintiff's termination.

48. As the direct and proximate result of the wrongful action of SEAGATE HOTEL, the Plaintiff was caused to suffer lost wages, loss of future earning capacity, loss of benefits in general, loss of raises, mental anguish, loss of dignity, embarrassment, humiliation, and other intangible injuries and other directly and indirectly related expenses. These loses are continuing and the Plaintiff will continue to suffer such losses in the future.

49. Because of such conduct, the Plaintiff suffered severe emotional distress embarrassment and humiliation.

50. Defendant's action were done maliciously and/or done with reckless indifference to the Plaintiff's federally protected rights.

**WHEREFORE**, Plaintiff, YANICK SYLENCIEUX, prays that this Court:

    a. Advance this case on the docket;

    b. Issue a declaratory judgment that Defendant's practices toward Plaintiff violated her rights under Title VII;

    c.    Enjoin Defendant, its employees and supervisory staff from continuing or maintaining the policy, practice, or custom of denying, abridging, withholding, or conditioning the rights of employees on the basis of their race, color or national origin, which rights are secured by Title VII.

    d.    Order Defendant to remedy the racial discrimination against Plaintiff by:

        (1).    Paying appropriate back pay;

        (2).    Paying prejudgment interest;

        (3).    Paying front pay in lieu of reinstatement; and

        (4).    Providing any other relief that this Court deems appropriate.

    e.    Enter a Judgment against the Defendant for compensatory damages;

    f.    Enter a Judgment against Defendant for punitive damages; and

    g.    Enter a Judgment against Defendant for costs, and a reasonable award of attorneys' fees pursuant to Title VII.

### COUNT III
### TITLE VII & SECTION 1981
### HOSTILE WORK ENVIRONMENT

51.    Plaintiff sues Defendant and re-alleges Paragraph 1 through 31, as if fully incorporated therein by this reference.

52.    Plaintiff was subjected to a hostile work environment based on sex as set out above.

53.    The harassment was unwelcome based on sex and was severe and pervasive so that it affected the terms and conditions of Plaintiff's employment and Defendant is liable for such harassment. The harassment was continuing in nature.

54.    Plaintiff and others objected to and complained about the harassing conduct; however, Defendant failed to take prompt, effective remedial action.

55.    Defendant did not appropriately handle the complaints of harassment from the Plaintiff

and others.

56. The Plaintiff found that sexually hostile work environment to be humiliating, offensive, unfair and in violation of her rights under Title VII and under Section 1981, and she suffered mental suffering and anguish as a direct result.

57. Defendant made no reasonable effort to utilize, publicize or enforce an effective company anti-harassment policy.

58. Defendant is directly liable for the sexual harassment and authorized and/or ratified said conduct. Defendant failed to take prompt effective remedial action upon notice of the Sexual harassment of the Plaintiff.

59. Defendant's action were done maliciously and/or done with reckless indifference to Plaintiff's federally protected rights.

60. Because of such conduct, Plaintiff suffered severe emotional distress, embarrassment and humiliation.

**WHEREFORE**, Plaintiff, YANICK SYLENCIEUX, prays that this Court:

    a.    Issue a declaratory judgment that Defendant's practices toward Plaintiff violated her rights under Title VII;

    b.    Enjoin Defendant, its employees and supervisory staff from continuing or maintaining the policy, practice, or custom of denying, abridging, withholding, or conditioning the rights of employees on the basis of their race, color or national origin, which rights are secured by Title VII.

    c.    Order Defendant to remedy the racial discrimination against Plaintiff by:

        (1).    Paying appropriate back pay;

        (2).    Paying prejudgment interest;

        (3).    Paying front pay in lieu of reinstatement; and

   (4). Providing any other relief that this Court deems appropriate.

 d. Enter a Judgment against the Defendant for compensatory damages;

 e. Enter a Judgment against the Defendant for punitive damages; and

 f. Enter a Judgment against the Defendant for costs, and a reasonable award of attorneys' fees pursuant to Title VII.

## COUNT IV
## RETALIATION CLAIM

61. Plaintiff sues Defendant and re-alleges Paragraph 1 through 31, as if fully incorporated therein by this reference.

62. Plaintiff filed a Complaint with Defendant, SEAGATE HOTEL, regarding concerns of the discriminatory/sexual harassment practices engaged in by CLAUDY, who was Plaintiff's supervisor and who is a member of SEAGATE HOTEL's management, and Plaintiff openly opposed the discriminatory actions and treatment by Defendant.

63. As a direct result of Plaintiff's complaints to management of SEAGATE HOTEL, Defendant's management did nothing to stop the harassment directly or indirectly, in retaliation for her open opposition and expression of concerns regarding the sexual and discriminatory practices by SEAGATE HOTEL's management, mainly CLAUDY. Plaintiff's employment was terminated.

64. As a direct result of Plaintiff's complaints and opposition to discrimination, Plaintiff was disciplined, in the form of terminated from her employment with SEAGATE HOTEL.

65. Plaintiff complained about the hostile work environment because of constant sexual harassment by her supervisor, mainly CLAUDY.

66. Defendant through its management retaliated against Plaintiff by firing Plaintiff under the pretext that Plaintiff refused to co-operate with the investigation, when in fact, it was Defendant that refused to provide Plaintiff with a competent or impartial translator.

67. SEAGATE HOTEL violated Title VII in that SEAGATE HOTEL retaliated against Plaintiff for exercising her rights afforded her under Title VII.

68. SEAGATE HOTEL violated Plaintiff's rights to privilege of employment in violation of Title VII.

69. SEAGATE HOTEL retaliated against Plaintiff for the exercise of federally protected rights by her which prohibited and discriminatory pursuant to Title VII and 1981.

70. As the direct and proximate result of the wrongful actions of SEAGATE HOTEL, Plaintiff was caused to suffer lost wages, loss of future earning capacity, loss of raises, mental anguish, loss of dignity, embarrassment, humiliation, and other intangible injuries and other directly and indirectly related expenses. These losses are continuing and the Plaintiff will continue to suffer such losses in the future.

71. Defendant's actions were done maliciously and/or done with reckless indifference to the Plaintiff's federally protected rights.

72. Because of such conduct, the Plaintiff suffered emotional distress, embarrassment and humiliation.

WHEREFORE, the Plaintiff, YANICK SYLENCIEUX, demands judgment against the Defendant, SEAGATE HOTEL, for compensatory damages in an amount in not excess of $300,000.00 in lieu of reinstatement, and demand of statutory interest, liquidated damages

pursuant to 29 U.S.C.§626(b) costs, reasonable attorney's fees, and any other award the Court deems proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all issues so triable as a matter of law.

Respectfully submitted on this 27th day of February, 2020.

**JAMES JEAN-FRANCOIS, P.A.**
Duty Free Americas, Suite 211
6100 Hollywood Boulevard
Hollywood, FL 33024
Phone: (954) 987-8832
Fax: (954) 987-2622
E-mail address:
*jamesjeanfrancoisesq@hotmail.com*
*jjonlaw@hotmail.com*

*James Jean-Francois /s/*
By: _____
**JAMES JEAN-FRANCOIS, ESQ.**
Fla. Bar # 0495115
Attorney for Plaintiff